**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**HOYT DAVID MORGAN,**

                        **Plaintiff,**                 **19cv6520 (JGK)**

           - against -                        **OPINION AND ORDER**

**WORLDVIEW ENTERTAINMENT HOLDINGS**
**INC. et al.,**

                        **Defendants.**
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

After he filed a Chapter 7 petition in the United States Bankruptcy Court for the Central District of California on March 14, 2019, Christopher Woodrow (the "debtor") removed this action from the New York State Supreme Court, New York County. The debtor is a third-party defendant in this action, which was originally commenced in state court on July 28, 2014, Index No. 652323/2014. Most of the first-party defendants/third-party plaintiffs in this action, Maria Cestone, Molly Conners, Worldview Entertainment Holdings LLC, and Worldview Entertainment Partners VII, LLC, timely moved in this Court to remand the case to state court. The debtor opposed the motion to remand and cross-moved to transfer the case to the bankruptcy proceeding currently pending in the Central District of California. For the reasons that follow, the third-party

plaintiffs' motions to remand are granted and the debtor's motion to transfer is denied as moot.

I.

The following facts are taken from the state court pleadings and opinions filed in this case as exhibits.

Around March 1, 2013, the plaintiff, David Hoyt Morgan, entered into an Agreement and General Release with Worldview Inc., a film production company, to serve as an executive vice president and chief financial officer.[1] Dkt. No. 1-2, at 4 (State Complaint).[2] As part of the agreement, the Worldview defendants agreed, among other things, to give Morgan a credit as executive producer for the film Birdman. Id. In addition, Morgan made significant equity investments in the films. Id. Later, the Worldview defendants allegedly breached the terms of the agreement, and Morgan sued various Worldview entities, LLCs, and divisions, as well as individual owners and officers, namely Molly Conners and Maria Cestone, in the New York State Supreme Court, New York County on July 28, 2014. Id. at 1-7.

---

[1] The corporate structure of Worldview and its related entities includes a number of LLCs and holding companies. Worldview Entertainment Holdings, Inc. is a Delaware corporation wholly owned by Worldview Entertainment Holdings, LLC. Worldview Entertainment Partners VII, LLC is a division and affiliate of Worldview Inc. Dkt. No. 1-2, at 2. Worldview Inc. was the "manager" of Partners VII according to their operating agreement. Id. at 65.

[2] The page numbers correspond to pages in the exhibits filed in this case, not to the pages of the underlying state court documents.

On June 15, 2016, the defendant Worldview entities and Molly Conners brought a third-party action against the debtor who had been the CEO of Worldview Inc. until June 2, 2014, and the lawyers for Worldview, Goetz Fitzpatrick LLP and Aaron Boyajian. Id. at 60-61 (First Third-Party Complaint). The third-party claims against Goetz and Boyajian were for malpractice and breach of fiduciary duty regarding advice they rendered to the Worldview entities about the agreement with Morgan. Id. at 67-69. The third-party claims against the debtor were for negligence and breach of fiduciary duty under the theory that Woodrow, as CEO of Worldview Inc., caused the Worldview entities, in general, and one Worldview entity, Partners VII, in particular, to enter into an agreement with Morgan under which Partners VII was an obligor that served no rational business purpose and was adverse to the interests of the entities. Id. at 69-71. The next day, on June 16, 2016, Cestone, a significant equity interest holder in Worldview Entertainment Holdings LLC, brought a third-party complaint against Goetz, Boyajian, and the debtor for substantially similar claims. Id. at 111-22 (Second Third-Party Complaint).[3]

---

[3] On March 30, 2016, the state court action was joined with Johnson v. Cestone, Index No. 152444/2015; Worldview Entertainment Holdings Inc. v. Woodrow, Index No. 159948/2014; and Shanahan Capital Ventures LLC v. Cestone, et al., Index No. 652034/2015, for purposes of joint discovery. Cotton Decl., Ex. A, at 5-6. Worldview Entertainment Holdings Inc. v. Woodrow was also

On December 14, 2016, there was a stipulation of discontinuance with prejudice of the first-party claims, but the third-party claims brought against Goetz, Boyajian, and the debtor remained. Cotton Decl., Ex. C. Then, on July 27, 2017 and August 16, 2017, the New York State Supreme Court dismissed the third-party claims. Cotton Decl., Exs. D, E. On March 14, 2019, the Appellate Division of the First Department reinstated the third-party claims against Goetz and Boyajian for negligence and Partner VII's third-party claim against the debtor for breach of fiduciary duty. Cotton Decl., Ex. F.

On the same day, the debtor commenced a Chapter 7 bankruptcy case in the Central District of California, which automatically stayed the state court proceedings as to the debtor. Cotton Decl., Ex. G. On June 14, 2019, the plaintiffs in this action filed an adversary proceeding complaint against the debtor in the bankruptcy court for the non-dischargeability of the debtor's debts that, among other things, restated the allegations in this action against the debtor. Block Decl., Ex. H. On July 13, 2019, the debtor removed the state court action to this Court pursuant to 28 U.S.C. §§ 1334 and 1452(a), and on August 13, 2019 the plaintiffs timely moved to remand. The

---

removed by the debtor to this Court and is the earlier filed related case to this case, No. 19-cv-6519 (JGK).

debtor opposed the remand and cross-moved to transfer the entire action to the Bankruptcy Court for the Central District of California.

**II.**

For the same reasons stated in the Court's opinion issued today in the related case, <u>Worldview Entertainment Holdings Inc. et al v. Christopher Woodrow et al.</u>, No. 19-cv-6519 (JGK), the automatic stay issued in the bankruptcy court did not prevent the debtor from removing this action to this Court, nor does it prevent this Court from adjudicating the pending motions.

For the same reasons stated in the related case opinion, this Court does not have subject matter jurisdiction over the non-debtor claims in this case against Goetz and Boyajian. This Court does have subject matter jurisdiction over the claim still active in this case against the debtor for breach of fiduciary duty.

For the same reasons stated in the related case opinion, the claim against the debtor is subject to mandatory abstention,[4] permissive abstention, and equitable remand.

---

[4] At oral argument, counsel for the debtor suggested that the fourth prong may not apply because this case might have been commenced under this Court's diversity jurisdiction by virtue of the fact that the debtor is no longer a citizen of New York, but instead became a citizen of California several years ago. However, the third-party plaintiff in this case, Worldview Entertainment Holdings LLC is an LLC whose citizenship is determined by the citizenship of its members, and the third-party defendant Goetz Fitzpatrick is an LLP whose

5

Therefore, the entire case is remanded to the New York State Supreme Court, New York County. Because abstention and remand are warranted, the motion to transfer venue is denied as moot.

**CONCLUSION**

The motions to remand are **granted.** The cross-motion to transfer venue is **denied as moot.** The Clerk is directed to remand this case to the New York State Supreme Court, New York County. The Clerk is directed to close this case and all pending motions.

**SO ORDERED.**

**Dated:** **New York, New York**
**December 23, 2019**         ____/s/ John G. Koeltl____
                              **John G. Koeltl**
                              **United States District Judge**

---

citizenship is likewise determined by the citizenship of its members. See ICON MW, LLC v. Hofmeister, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013). Because Molly Conners is a member of Worldview Entertainment Holdings LLC and is a citizen of New York, and one of Goetz's partners, John B. Simoni, is a citizen of New York, complete diversity does not exist in this case. See Dkt. No. 26; 28 U.S.C. § 1332(a)(1). In any event, the debtor removed this action roughly five years after the commencement of this action in state court, citing only 28 U.S.C. § 1334 as a basis for this Court's jurisdiction, and that removal would have violated 28 U.S.C. § 1446(c), which bars removal of diversity cases more than one year after commencement of the action. See Bowles v. Massey Energy Co., No. 12-cv-5997, 2012 WL 6628953, at *9 (S.D. W. Va. Dec. 19, 2012). Therefore, 28 U.S.C. § 1334 is the sole basis for jurisdiction in this Court.